IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RAYMARINE BELGIUM BVBA, RAYMARINE UK LIMITED and FLIR MARITIME US, INC.,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **FURUNO ELECTRIC CO., LTD. and FURUNO U.S.A., INC.,** | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Raymarine Belgium BVBA, Raymarine UK Limited and FLIR Maritime US, Inc. (f/k/a Raymarine, Inc.) (individually and/or collectively referred to herein as "Plaintiffs") file this Complaint for Patent Infringement and Jury Demand against defendants Furuno Electric Co., Ltd. and Furuno U.S.A., Inc. ("Defendants" or "Furuno") on personal knowledge as to all allegations concerning themselves and on information and belief as to all other allegations, as follows:

### I.

### PARTIES

1.   Plaintiff Raymarine Belgium BVBA ("Raymarine Belgium") is organized and exists under the laws of Belgium and has its principal place of business at Luxemburgstraat 2, 2321 Hoogstraten, Belgium. Raymarine Belgium is a company that, *inter alia*, engineers and designs marine electronics products and software.

2. Plaintiff Raymarine UK Limited ("Raymarine UK") is organized and exists under the laws of England and Wales and has its principal place of business at Marine House, Cartwright Drive, Fareham, PO15-5RJ, United Kingdom. Raymarine UK is a company that, *inter alia*, engineers and designs marine electronics and software.

3. Plaintiff FLIR Maritime US, Inc. ("FLIR Maritime") (f/k/a Raymarine, Inc.) is organized and exists under the laws of Delaware and has its principal place of business at 9 Townsend West, Nashua, New Hampshire, 03063. FLIR Maritime is a company that, *inter alia*, engineers, designs, distributes, and sells marine electronics and software.

3. Defendant Furuno Electric Co., Ltd. ("FEC") is a Japanese corporation with its principal place of business at 9-52 Ashihara-Cho, Nishinomiya City, Hyogo, 662-8580, Japan. FEC is a company that, *inter alia*, develops and manufactures marine electronic equipment.

4. Defendant Furuno U.S.A. ("FUSA") is a Washington corporation with its principal place of business at 4400 N.W. Pacific Rim Boulevard, Camas, Washington, 98607. FUSA operates as a wholesale distributor of marine electronic equipment in North America.

## II.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under United States patent law, Title 35 of the United State Code. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action because Plaintiffs allege violations of the patent laws of the United States. This Court is authorized to provide declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to personal jurisdiction in this Court because they regularly and deliberately engage in activities in the District of Massachusetts that result in the use, sale, and/or importation of products that infringe two or more of Plaintiffs' patents.

7. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants regularly conduct business in this district and because Defendants have and continue to commit acts of infringement on Plaintiffs' patents in this judicial district.

## III.

## THE PATENTS-IN-SUIT

**A.** **United States Patent No. 8,624,776**

8. On January 7, 2014, after a full and fair examination, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 8,624,776, entitled "Digital Radar or Sonar Apparatus" (the "'776 Patent"). The invention in the '776 Patent is directed to digital radar or sonar apparatuses.

9. Plaintiff Raymarine UK is the owner of all rights, title, and interest to the '776 Patent, including the right to sue for past, present, and future infringement.

10. A true and correct copy of the '776 Patent is attached as Exhibit A.

**B.** **United States Patent No. 7,646,329**

11. On January 12, 2010, after a full and fair examination, the PTO issued U.S. Patent No. 7,646,329, entitled "Method for Detecting a Target" (the "'329 Patent"). The invention in the '329 Patent is directed to methods of detecting targets using radar, lidar, sonar or similar systems.

12. Plaintiff Raymarine Belgium has acquired all rights, title, and interest to the '329 Patent from QuinitiQ Limited, including the right to sue for past, present, and future infringement.

13. A true and correct copy of the '329 Patent is attached as Exhibit B.

# IV.

# CAUSES OF ACTION

A.  **Count One: Infringement of the '776 Patent**

14. Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if fully set forth herein.

15. The '776 Patent is valid, enforceable and in full force and effect. The validity of the '776 Patent is presumed as a matter of law pursuant to 35 U.S.C. § 282.

16. Defendants have infringed and continue to infringe, both literally and/or under the doctrine of equivalents, one or more claims of the '776 Patent through the making, using, selling, offering for sale, and/or importing in and into the United States, including this judicial district, products that embody one or more of the patented claims. Such products include, but are not limited to, Defendants' Depth and Fish Finders, such as the Furuno DFF1-UHD TruEcho CHIRP Fish Finder, and related sonar-based products and/or product families (the "Accused Depth and Fish Finders").

17. Defendants, having knowledge of the '776 Patent, have also induced infringement of the '776 Patent by instructing, directing, and/or advising customers to carry out an infringing use of their products through, *inter alia*, operator manuals sold with the products, sale brochures, and product demonstrations.

18. Defendants have further committed and continue to commit acts of contributory infringement by intentionally aiding, assisting, and encouraging the infringement by others through the use, sale, and offer for sale of products, knowingly or willfully blind to the fact that these products infringe one or more claims of the '776 Patent.

19. Defendants' activities have been without an express or implied license from Plaintiffs.

20. The Accused Depth and Fish Finders including, but not limited to the Furuno DFF1-UHD TruEcho CHIRP Fish Finder, utilize the invention claimed in one or more claims of the '776 Patent. In particular, the Accused Depth and Fish Finders, such as the Furuno DFF1-UHD TruEcho CHIRP Fish Finder, are apparatuses comprising at least a modulator, a transmitter, a transducer, an amplifier, a switching device, a signal processor, an analog-to-digital converter and a linear receiver as claimed under one or more claims of the '776 Patent.

21. Unless enjoined by this Court, Defendants' acts of infringement will continue unabated. Plaintiffs have suffered and will continue to suffer substantial and irreparable harm. Plaintiffs are entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

22. As a result of the infringement of the '776 Patent, Plaintiffs have been damaged and will continued to be damaged by Defendants. Plaintiffs are, therefore, entitled to compensation pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

B.    **Count Two: Infringement of the '329 Patent**

23. Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if fully set forth herein.

24. The '329 Patent is valid, enforceable and in full force and effect. The validity of the '329 Patent is presumed as a matter of law pursuant to 35 U.S.C. § 282.

25. Defendants have infringed and continue to infringe, both literally and/or under the doctrine of equivalents, one or more claims of the '329 Patent through the making, using, selling, offering for sale, and/or importing in and into the United States products that embody one or more of the patented claims. Such products include, but are not limited to: (i) the Accused Depth and Fish Finders, such as the Furuno DFF1-UHD TruEcho CHIRP Fish Finder and related sonar products and/or product families; and (ii) Defendants' radar products, such as the Furuno Model

1835/1935/1945 Radar and related radar-based products and/or product families (the "Accused Radars").

26. Plaintiffs believe that Defendants knew or should have known about the existence of the '329 Patent. Defendants have also induced infringement of the '329 Patent by instructing, directing, and/or advising customers to carry out an infringing use of their Accused Depth and Fish Finders and Accused Radars through, *inter alia*, user manuals provided with the products, sales brochures, and product demonstrations.

27. Defendants have further committed and continue to commit acts of contributory infringement by intentionally aiding, assisting, and encouraging the infringement by others through the use, sale, and offer for sale of products, knowingly or willfully blind to fact that the Accused Depth and Fish Finders and Accused Radars infringe one or more claims of the '329 Patent.

28. In particular, the Accused Depth and Fish Finders, such as the Furuno DFF1-UHD TruEcho CHIRP Fish Finder, and the Accused Radars, such as the Furuno Model 1835/1935/1945 Radar, practice the methods of detecting a target in a scene comprising the steps of generating a comparison value of the data elements in first and second data sets, the data elements corresponding to returns from the same part of the scene and setting a detection threshold value for the comparison so as to detect targets entering part of the scene as claimed by one or more claims of the '329 Patent.

29. Defendants' activities have been without an express or implied license from Plaintiffs.

30. Unless enjoined by this Court, Defendants' infringement will continue unabated. Plaintiffs have suffered and will continue to suffer substantial and irreparable harm. Plaintiffs

are entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

31. As a result of the infringement of the '329 Patent, Plaintiffs have been damaged and will continued to be damaged by Defendants. Plaintiffs are, therefore, entitled to compensation pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

## V.

## **PRAYER FOR RELIEF**

32. WHEREFORE, Plaintiffs pray for the following relief:

a) A judgment that Defendants have infringed the '776 Patent;

b) A judgment that Defendants have infringed the '329 Patent;

c) A judgment and order restraining and enjoining Defendants, their officers, employees, servants, agents, affiliates, and those persons in active concert or participation with any of them, from further infringing the '776 and '329 Patents;

d) A judgment and order requiring Defendants to adequately compensate Plaintiffs for damages stemming from their wrongful infringement pursuant to 35 U.S.C. § 284;

e) A judgment and order requiring Defendants to pay attorneys' fees and other expenses incurred in connection with this action pursuant to 35 U.S.C. § 285; and

f) A judgment and order requiring Defendants to pay other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAYMARINE BELGIUM, BVBA;
RAYMARINE UK LIMITED and
FLIR MARITIME US, INC.,
By their attorneys,


/s/ John D. Stuebing_____
John D. Stuebing (BBO#483800)
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue • Prudential Center
Boston, MA 02199
Telephone:  (617) 218-2000
Telecopy:  (617) 201-7673
Jstuebing@tbhr-law.com

Of Counsel:

William A. Brewer III
Farooq A. Tayab
Bickel & Brewer
1717 Main Street
Suite 4800
Dallas, Texas 75201
Telephone:  (214) 653-4000
Telecopy:  (214) 653-1015
wab@bickelbrewer.com
fat@bickelbrewer.com